**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4633**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL N. LEWIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:05-cr-00108-IMK)

———————

Submitted:  July 25, 2007          Decided:  August 3, 2007

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy M. Sirk, Keyser, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael N. Lewis appeals from his convictions for various cocaine base offenses. On appeal, he asserts that the district court abused its discretion in denying his motion to withdraw his guilty plea and improperly participated in plea negotiations. With regard to the motion to withdraw the guilty plea, we have reviewed the briefs and record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. (J.A. at 278-92).

Turning to Lewis's claim that the district court improperly participated in plea negotiations, we note that Rule 11(c) of the Federal Rules of Criminal Procedure "governs guilty pleas and clearly prohibits a court from participating in plea negotiations." United States v. Bradley, 455 F.3d 453, 460 (4th Cir. 2006). Because this issue was not raised below, review is for plain error, and Lewis must show that any errors affected his substantial rights. United States v. Young, 470 U.S. 1, 15-16 (1985).

Lewis asserts that the court made numerous comments during his plea hearings[*] that were erroneous and coercive, including comments about potential sentences and advice that a trial might result in a more severe sentence. However, a review of

[*]Lewis had three Rule 11 hearings. The first two were aborted when Lewis decided not to plead guilty.

Lewis's cites shows that these comments took place during Lewis's aborted plea hearings. While there appears to be nothing untoward in the court's attempts to make sure Lewis understood his sentencing exposure and options, any errors did not affect Lewis's substantial rights, because he did not plead guilty and the plea agreements that had been negotiated were not accepted, even after the allegedly "coercive" comments. Lewis points to no improper judicial comments or actions during his completed Rule 11 hearing, where he pled guilty without a plea agreement.

Lewis additionally points to judicial comments during the hearing on his motion to withdraw his guilty plea and his sentencing. Specifically, the court repeatedly labeled Lewis a "liar." Again, these statements could have had no effect on Lewis's plea, which had already been accepted. See United States v. Cannady, 283 F.3d 641, 644 (4th Cir. 2002) (holding that there was no violation of Rule 11(c)(1) where court's comments postdated the agreement of the parties). Moreover, Lewis's credibility was a material issue in the motion to withdraw hearing. Thus, the court was not only permitted, but required, to rule on whether his testimony was truthful. Accordingly, we conclude that any improper comments by the district court did not affect Lewis's substantial rights. Thus, there was no plain error below.

Based on the foregoing, we affirm Lewis's convictions. We deny Lewis's motion to file a supplemental brief. We dispense

with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED